# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO C. ANDERSON,<br><br>          Plaintiff,<br><br>     v.<br><br>KEN CLARK, et al.,<br><br>          Defendants. | CASE NO. 1:07-cv-00538-AWI-SMS PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.     Screening Order

    A.     Screening Standard

Plaintiff Rodolfo C. Anderson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 28, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

Plaintiff is currently housed at California Substance Abuse and Treatment Facility and State Prison-Corcoran ("CSATF"). The events at issue in this action allegedly occurred at CSTAF and California State Prison-Corcoran ("CSP-Corcoran"). Plaintiff names CSATF Warden Ken Clark, and prison staff members L. Polk, S. Sherman, D. Cuevas, V. Garcia, R. Diaz, D. Braxmeyer, V. Lamb, L. Apodaca, J. Gallagher, R. Roberson, R. Linn, D. Garcia, R. Hall, A. Reveira, J. Short, R. M. Comfort, J. Garza, N. Grannis, and Jane and John Does as defendants. Plaintiff is seeking money damages and equitable for the alleged violation of his rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment.

///

1.     Due Process Claims

On November 8, 2006, at CSTAF, plaintiff was placed in administrative segregation ("ad-seg") after being accused by defendant Lamb of masturbating in the shower. Plaintiff was issued a Rules Violation Report ("RVR"), and on November 22, 2005, plaintiff was found guilty of indecent exposure with priors following a prison disciplinary hearing. Plaintiff was assessed a credit forfeiture of one-hundred twenty-one days and referred to the Institutional Classification Committee ("ICC") for program review. On January 20, 2006, while at the Correctional Treatment Center, plaintiff was issued an RVR by defendant Linn for masturbating in his cell in front of her. On February 22, 2006, plaintiff was found guilty of indecent exposure with priors at his disciplinary hearing. Plaintiff was assessed a credit forfeiture of one-hundred fifty days and referred to ICC for consideration of Security Housing Unit placement. Both charges were later reduced to indecent exposure. Plaintiff alleges various due process violations arising out of the events relating to the issuance of the RVRs and the disciplinary hearings.

On April 13, 2006, plaintiff was transferred to CSP-Corcoran and housed in an ad-seg unit for inmates with mental health issues. Plaintiff alleges he was not provided with a new 114-D lock-up order. On May 4, 2006, plaintiff attended an ICC hearing for initial review and was retained in ad-seg pending DRB (Departmental Review Board) referral. On July 25, 2006, plaintiff was transferred to a general population ad-seg unit. Plaintiff alleges that defendant Garza did not take him to ICC for review on his scheduled dates of August 3, 2006, August 17, 2006, or August 24, 2006. On August 8, 2006, plaintiff was notified he was going to be transferred back to CSATF, without notice, a hearing, or valid endorsement. Later that day, plaintiff was rehoused at the CSP-Corcoran Acute Care Hospital for observation. On September 1, 2006, plaintiff was transferred back to CSATF without an ICC hearing.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not

confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

With respect to plaintiff's two disciplinary hearings, plaintiff lost time credits as punishment, which affects the length of his sentence. Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Because plaintiff lost time credits and has not shown that the credits were restored, either via a petition for habeas corpus relief or through prison procedures, plaintiff may not pursue any claims for relief under section 1983 arising from the events relating to the issuance of the RVRs or the disciplinary proceedings, including but not limited to any claims that defendants acted or failed to take action in order to retaliate against plaintiff for the exercise of his First Amendment rights.[1]

Plaintiff's next due process claims arise after his transfer to CSP-Corcoran, which appears to have been the result of the punishment imposed at one or both of the disciplinary hearings.

---

[1] Along with his due process and retaliation claims, plaintiff alleges state law tort claims against defendant Apodaca. (Comp., ¶55.) In addition to the fact that the claims are barred because plaintiff was assessed a credit forfeiture, plaintiff has not alleged compliance with California's Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff *must* allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Regardless of state regulations, plaintiff may pursue federal due process claims under section 1983 *only if* the violations complained of rise to the level of a violation of federal law. In this instance, plaintiff's due process claims arise from his alleged placement in ad-seg at CSP-Corcoran without written notice via a lock-up order and from not being taken to his ICC hearings. Plaintiff does not have a protected liberty interest in remaining free from ad-seg. Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Because there is no protected liberty interest at stake, the alleged failure to provide plaintiff with a lock-up order and ICC hearings is not actionable under federal law. In addition, assuming for the sake of argument that there existed a protected liberty interest, plaintiff is not entitled to written notice prior to placement in ad-seg. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Plaintiff was transferred on April 18, 2006, and appeared at a hearing on May 4, 2006. Due process under federal law does not require anything further. Id. With respect to periodic reviews, plaintiff was rehoused on July 25, 2006, hospitalized on August 8, 2006, and transferred back to CSATF on September 1, 2006. Although plaintiff is entitled to periodic reviews under federal law, Toussaint, 801 F.2d at 1100-01, the failure to take plaintiff for his hearings on August 3, 2006, August 17, 2006, and August 24, 2006, does not rise to the level of a federal due process violation.

Finally, plaintiff's allegation that he was transferred back to CSATF without a hearing does not state a claim. Plaintiff does not have a protected liberty interest in being housed at a particular prison and as a result, is not entitled to any procedures under federal law prior to transfer. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983).

For the reasons set forth herein, plaintiff has not stated any cognizable due process claims under section 1983.

2. Retaliation Claim

Plaintiff alleges that prior to his scheduled August 3, 2006, hearing defendant Garza threatened not to take him to the hearing. On August 15, 2006, plaintiff filed an inmate appeal complaining that he was not taken to his August 3 hearing. Plaintiff alleges that defendant Garza retaliated against him for filing that inmate appeal and threatened to transfer him if he kept filing inmate appeals.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff has not alleged any facts supporting a claim that defendant Garza took adverse action against him as a result of the inmate appeal he filed. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006) (adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000). The threat to transfer plaintiff simply does not support a claim for violation of plaintiff's constitutional rights. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff fails to state a claim for relief against defendant Garza, or any other named defendant, for retaliation.

### 3.   Inmate Appeals Process

Plaintiff alleges a claim for relief against defendant Hall based on his failure to allow plaintiff to file complaints and his act of screening out plaintiff's complaints.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty

interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Plaintiff's allegations fail to state a claim for relief against defendant Hall.

### 4. Supervisory Liability Claim Against Defendant Clark

Finally, plaintiff alleges that defendant Clark, Warden of CSATF, "is supervisory liability who personally participated and/or knew of the violations set forth herein and failed to correct them." (Comp., ¶67.) Liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, plaintiff's complaint does not state any cognizable claims for relief for violation of plaintiff's constitutional rights. Absent the existence of a violation of plaintiff's constitutional rights, there is no basis upon which to impose supervisory liability against defendant Clark. Further, even if plaintiff had alleged a cognizable violation of his constitutional rights, plaintiff's complaint is devoid of any allegations supporting a claim that defendant Clark personally participated in the alleged deprivation of a constitutional right; knew of the violation and failed to act to prevent it; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff fails to state a claim for relief against defendant Clark under a theory of supervisory liability.

///

C.  Conclusion

Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

///
///
///
///
///

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   June 8, 2007**                         /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE